UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BRADLEY,

        Petitioner,                      Case Number: 2:03-CV-70740

v.                                         HONORABLE ARTHUR J. TARNOW

THOMAS BIRKETT,

        Respondent.
                                       /

**OPINION AND ORDER GRANTING CERTIFICATE OF APPEALABILITY**[1]

This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. Petitioner filed a habeas corpus petition, which the Court denied on November 19, 2004. Petitioner then filed a Motion for Certificate of Appealability. The Court granted a certificate of appealability on all of the issues presented in the petition. On October 18, 2005, the Court of Appeals vacated this Court's Order Granting Petitioner's Motion for Certificate of Appealability, and remanded the case, "directing [this Court] to make a reasoned assessment of each of Bradley's claims as required by 28 U.S.C. § 2253, Slack, Miller-El, Porterfield, and Frazier." Bradley v. Birkett, No. 04-2552 (6th Cir. Oct. 18, 2005).[2]

---

[1] Staff Attorney Mary Beth Collery provided quality research assistance.

[2] Petitioner filed a motion for rehearing *en banc*, which the Court of Appeals denied. Bradley v. Birkett, No. 04-2552 (6th Cir. Jan. 10, 2006).

## I.

This Court granted Petitioner a certificate of appealability (COA) as to all of the issues raised in his habeas corpus petition. The Court reasoned:

> Although the Court's ego tells it that all reasonable jurists would agree with its resolution of the issues presented by Petitioner, the Court's experience is to the contrary. Thus, the Court's belief in the correctness of its decision should not insulate that decision from further review. . . . Because the Court is not infallible and does not believe that its decision should be insulated from further review, the Court finds that reasonable jurists could find it debatable whether Petitioner has made a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

This Court was certain of the correctness of its decision granting a COA on all of Petitioner's claims. The Court believed all reasonable jurists would concur. However, they have not, thus substantiating the premise that an opportunity for appeal should not rest on the court from whose decision an appeal is sought.

In vacating the Court's order granting a COA, the Court of Appeals stated that this Court did not "invest substantial time in the certification process." Bradley, slip op. at 6. The substantial time invested in consideration of each of Petitioner's claims is evidenced by the Court's original 45-page opinion denying habeas corpus relief. The Court thought it unnecessary to reiterate its reasoning and analysis in its order granting a certificate of appealablity. This belief is supported by the Court of Appeals' practice of regularly denying certificates of appealability in short orders containing no "individualized assessment" as to each of the claims presented. For example, in Wigley v. Yukins, No. 04-1866, the Court of Appeals issued an order denying a certificate of appealability which stated, in its entirety:

> Julia Wigley, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Wigley requests a certificate of appealability pursuant to Fed. R. App. P. 22(b), and leave to proceed in forma pauperis.

> A certificate of appealability may issue only if the petitioner makes "a substantial sowing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Upon review, the court concludes that Wigley has failed to make such a showing. The application for a certificate of appealability is denied and the motion to proceed in forma pauperis is denied as moot.

Wigley v. Yukins, No. 04-1866 (6th Cir. Apr. 25, 2005).

In addition to not requiring an individualized assessment of each claim in its own orders addressing certificates of appealability, the Court of Appeals does not consistently impose this requirement when a district court denies a certificate of appealability. While the Sixth Circuit Court of Appeals has held both that blanket denials and blanket grants of COAs are inappropriate, Murphy v. Ohio, 263 F.3d 466, 467 (6th Cir. 2001), in practice, the Court of Appeals frequently overlooks a district court's failure to make an individualized assessment of each claim where the district court's blanket determination results in the *denial* of a certificate of appealability. *See e.g.,* Bowles v. Russell, __ F.3d __, 2005 WL 3533548, *2 (6th Cir. Dec. 28, 2005) (failing to comment on district court's blanket denial of certificate of appealability).[3]

---

[3] The following constitutes the district court's finding that the petitioner was not entitled to a certificate of appealability in its entirety:

> The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Bowles v. Russell, No. 1:02-CV-1520 (N.D. Ohio July 10, 2003).

Further, the Court of Appeals has not remanded cases where the district court denied a certificate of appealability by simply relying on the reasons set forth in the court's opinion denying habeas corpus relief. *See e.g.*, Bailey v. Yukins, No. 02-72668 (E.D. Mich. COA denied July 20, 2004) (Steeh, J); Bailey v. Yukins, No. 04-1830 (6th Cir. COA denied Jan. 24, 2005); Klein v. White, No. 02-72787 (E.D. Mich. COA denied Aug. 18, 2003) (Cohn, J.); Klein v. White, No. 03-2076 (6th Cir. COA denied March 24, 2004).

This disparate treatment of COA orders depending upon whether a COA is granted or denied is not mandated by the statutory language of 28 U.S.C. § 2253.[4]  Nor is it mandated by Supreme Court precedent.  Nevertheless, the Court is constrained to follow the directive contained in the Sixth Circuit's order of remand and shall set forth, in detail, each of the claims for which the Court grants a certificate of appealability.

## II.

Petitioner presented twelve claims for habeas corpus relief.  The Court held that all of the

---

[4] The Court also notes that habeas corpus petitioners seeking to appeal the denial of habeas relief also suffer greater obstacles to appeal than does the State in that the State need not seek a certificate of appealability when appealing a district court's decision granting habeas corpus relief.  This disparate treatment is based upon Fed. R. App. P. 22(b)(3), which states: "A certificate of appealability is not required when a state or its representative or the United States or its representative appeals."  The advisory committee notes to Rule 22(b)(3) acknowledge that this requirement is not rooted in statutory language:

> Although 28 U.S.C. § 2253 appears to require a certificate of probable cause even when an appeal is taken by a state or its representative, the legislative history strongly suggests that the intention of Congress was to require a certificate only in the case in which an appeal is taken by an applicant for the writ.

Fed. R. App. P. 22(b)(3) advisory committee notes, 1967.

This provision places the greater burden on the party least able to shoulder it, and contradicts the spirit of habeas corpus:

> "Why are we proud?  We are proud, first of all, because from the beginning of this Nation, a man can walk upright, no matter who he is, or who she is.  He can walk upright and meet his friend – or his enemy; and he does not feel that because that enemy may be in a position of great power that he can be suddenly thrown in jail to rot there without charges and with no recourse to justice.  We have the habeas corpus act, and we respect it."

Jay v. Boyd, 351 U.S. 345, 374 (1956) (Douglas, J. dissenting) (quoting President Eisenhower's statement made at the B'Nai B'Rith Dinner in Washington, D.C., November 23, 1953).

claims, save Petitioner's sufficiency of the evidence claim, were procedurally defaulted. Petitioner asserted ineffective assistance of counsel as cause to excuse the default. The Court held that Petitioner failed to establish ineffective assistance of counsel or that failure to consider his claims would result in a fundamental miscarriage of justice. The Court, therefore, held that these claims were procedurally barred.

When a claim has been denied on procedural grounds, "a COA should issue when the prisoner shows, . . ., that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court, thus, shall apply this two-part test to each of Petitioner's procedurally defaulted claims.

### A.  Admission of Testimony Regarding Guilty Pleas

Petitioner's first and second claims for habeas corpus relief relate to testimony from three witnesses that each pleaded guilty to charges stemming from the events in question at Petitioner's trial.  Petitioner claimed that admitting this testimony violated his right to due process and a fundamentally fair trial.  He also claimed that his trial attorney was ineffective in failing to object to this testimony.

Petitioner failed to present these claims on direct review in state court.  He alleged that his appellate attorney's ineffectiveness established cause to excuse his procedural default.  The trial court judge instructed the jury to consider the evidence of the three guilty pleas *only* as it related to their credibility and potential for bias.  Based upon the trial judge's cautionary instruction and the substantial evidence against Petitioner, this Court concluded that Petitioner suffered no prejudice from his trial attorney's failure to object to the testimony and his appellate attorney's failure to present these claims on appeal.  *See* Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that ineffective assistance of counsel is established where a petitioner shows that counsel's performance was deficient and that counsel's deficient performance prejudiced the petitioner).

Reasonable jurists could conclude that the admission of testimony regarding these guilty pleas was unfairly prejudicial and that the trial court's instruction as to the proper use of this testimony was inadequate.  Therefore, the Court finds that jurists of reason would find it debatable whether this Court was correct in its finding that the claim was procedurally defaulted.  The Court further finds that jurists of reason would find it debatable whether these are valid claims of the denial of a constitutional right.  The Court, therefore, grants a certificate of

appealability with respect to these two claims.

### B. Trial Counsel's Alleged Ineffectiveness as to the Breaking and Entering Charges and the Jury's Request for Transcripts

Petitioner claimed that his trial attorney was ineffective in failing to agree to a stipulation which would have prevented the jury from learning that his prior conviction was for breaking and entering. He alleged ineffective assistance of appellate counsel as cause to excuse the failure to raise this claim on direct appeal.

Trial counsel refused the trial judge's suggestion that, in connection with the charge of felon in possession of a firearm, the parties could stipulate that Petitioner had been convicted of a prior, unspecified felony. The prosecution introduced evidence that Petitioner's prior conviction was for breaking and entering. Affording counsel the presumption that, under the circumstances, his failure to enter into a stipulation was sound trial strategy, the Court held that trial counsel may have declined to agree to a stipulation because he feared that the jury otherwise would have speculated that Petitioner's prior felony had been an even more serious, perhaps violent, crime. Strickland, 466 U.S. at 695.

The Court finds that jurists of reason would find it debatable whether the Court was correct in concluding that trial counsel's failure to stipulate was the result of sound trial strategy, and whether appellate counsel was ineffective in failing to present this claim on direct appeal. The Court further finds that jurists of reason would find it debatable whether these claims are valid claims of the denial of a constitutional right. The Court, therefore, grants a COA on this claim.

Petitioner also claimed that his attorney was ineffective in failing to object to the trial court's instruction which precluded review of the transcripts of two witnesses' testimony. The

Court concluded that this claim was procedurally defaulted because Petitioner failed to show that he was prejudiced by his attorney's failure to object, and therefore could not establish ineffective assistance of trial or appellate counsel.  The Court finds that jurists of reason would find it debatable whether the Court was correct in its finding that this claim was procedurally defaulted, and would find it debatable whether this claim is a valid claim of the denial of a constitutional right.  A COA is granted on this claim.

### C.  Alleged Confrontation Clause Violation

Petitioner claimed this his rights under the Confrontation Clause were violated when the trial court judge refused to allow him to cross-examine Robbie Cootware about the contents of two letters he authored, one to Petitioner and one to another prisoner.

The Court held that the trial court's ruling did not violate Petitioner's rights under the Confrontation Clause because Petitioner sought to impeach Cootware's general credibility, not his potential bias or motive in testifying.  Cross-examination as to general credibility is not constitutionally protected.  Boggs v. Collins, 226 F.3d 728, 736-37 (6th Cir. 2000).  Petitioner was permitted to cross-examine Cootware as to bias, motive or prejudice.  Therefore, the Court determined that Petitioner's Sixth Amendment right to confrontation was not violated.  Consequently, the Court also concluded that appellate counsel was not ineffective in failing to present this claim.

The Court finds that reasonable jurists could find the Court's decision that Petitioner's right to confrontation was not violated to be debatable.  The Court also finds that reasonable jurists could find this Court's procedural ruling to be debatable.  A COA, therefore, will be granted on this claim.

### D.  Alleged Prosecutorial Misconduct

Petitioner next claimed that the prosecutor committed misconduct by placing before the jury an item that was not in evidence.  The defense requested a visit to the jail where the assault occurred.  Petitioner claimed that a soap dish which was in the shower room where one of the officers was assaulted was placed there before the jury's visit to the jail and was not the actual soap dish used in the assault.  Petitioner further claimed that his trial attorney was ineffective in failing to object to this evidence, and that appellate counsel was ineffective in failing to raise this issue on direct appeal.

This Court held that Petitioner failed to show that placing the soap dish in the shower prior to the jury visit rendered his trial fundamentally unfair and, therefore, the prosecutor did not engage in misconduct.  Because the Court found that the prosecutor did not engage in misconduct, the Court further held that Petitioner failed to establish ineffective assistance of trial or appellate counsel for failing to raise this claim, and that the claim, therefore, was procedurally barred.

Given the potential impact on the jury of the crime scene visit, the Court finds that jurists of reason could find this Court's procedural finding to be debatable.  The Court also finds that jurists of reason would find it debatable whether the prosecutorial misconduct claim states a valid claim of the denial of a constitutional right.  The Court, therefore, grants a COA on this issue.

### E.  Jury Instruction

Petitioner claimed that he was denied a fair trial when the trial court failed to properly instruct the jury regarding Petitioner's out-of-court statements introduced through the testimony

9

of Cootware, Tomasi, and Dixon. Petitioner alleged that his trial attorney was ineffective in failing to object to the instructions. The Michigan Court of Appeals held that, although the trial court declined to instruct the jury regarding out-of-court statements made by a defendant, the trial court did provide a cautionary instruction regarding accomplice testimony. The state court held that, considered in their entirety, the jury instructions did not deprive Petitioner of a fair trial. The state court further held that trial counsel was not ineffective in failing to object to these instructions. This Court held that the state court's holdings were reasonable applications of federal constitutional law.

The Court finds that reasonable jurists would find that the Court's procedural ruling to be debatable and would find it debatable whether Petitioner asserts valid claims of the denial of a constitutional right. The Court, therefore, grants a COA on these two claims.

### F.  Alleged Cumulative Error

Petitioner claimed that cumulative trial error entitled him to habeas relief. This Court found no substantial, prejudicial trial error. However, given that the Court has concluded that reasonable jurists would find this Court's findings of procedural default and whether Petitioner asserts valid claims of the denial of his constitutional rights debatable, the Court concludes that a COA should be issued on this claim.

### III.

In his final claim for habeas corpus relief, Petitioner claimed that insufficient evidence was presented to sustain his convictions for conspiracy to commit bank robbery, breaking and entering the Urbany camp, and assault with intent to commit great bodily harm. This claim was not procedurally defaulted, and the Court, therefore, addressed the merits of this claim. A COA

may be issued only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

With regard to the conspiracy conviction, Robbie Cootware testified in detail regarding a plan he and Petitioner devised to escape jail; obtain materials necessary for a bank robbery, such as a rope, guns, a vehicle, and civilian clothes; rob a bank; and flee to Mexico. Petitioner and Cootware accomplished certain of these tasks: escaping jail, stealing weapons, and obtaining civilian clothes. Derrick Dixon also testified that Petitioner sought his assistance to rob a bank.

Petitioner was convicted of assault with intent to commit great bodily harm less than murder for the assault on Corrections Officer Giguere. Testimony presented at trial showed that Petitioner intentionally struck Officer Giguere several times on the head and hand with a sock loaded with a heavy metal object. Officer Giguere suffered serious injuries requiring surgical care.

Petitioner also claimed the prosecution presented insufficient evidence to sustain his conviction for breaking and entering the Urbany camp. A Michigan state trooper testified that the footprints leading up to the window through which an intruder had entered the Urbany camp appeared similar to the footprints found at other break-ins which the evidence showed were committed by Petitioner. The trooper also testified that several items including hunting knives and boots were missing. Cootware testified that Petitioner confessed to him that he had broken into the Urbany camp.

The Court found that this testimony was sufficient to allow a reasonable jury to find Petitioner guilty of conspiracy to commit bank robbery, assault with intent to commit great bodily harm less than murder, and breaking and entering the Urbany camp. However, the Court

finds that reasonable jurists could find it debatable whether sufficient evidence was presented to sustain these convictions, particularly the conviction for breaking and entering the Urbany camp. Therefore, the Court shall issue a certificate of appealability with respect to this claim.

### IV.

The Court grants a certificate of appealability with respect to all of the claims presented in the habeas corpus petition

**SO ORDERED**.


        s/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: January 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2006, by electronic and/or ordinary mail.

        s/Catherine A. Pickles
        Judicial Secretary